IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **WALBERTO HERNANDEZ-REYES,** *Plaintiff,* v. **BIO-MEDICAL APPLICATIONS OF PUERTO RICO, INC., FRESENIUS MEDICAL CARE PHARMACY SERVICES, INC., JOHN DOES 1-100,** *Defendants.* | **CIVIL NO.** 22-1049-(DRD) |

## **OPINION AND ORDER**

Pending before the Court is Defendants', Bio-Medical Applications of Puerto Rico, Inc. ("Bio-Medical") and Fresenius Medical Care Pharmacy Services, Inc ("Fresenius") (hereinafter, "Defendants) *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(4), 12(b)(5) and 12(b)(6).* (Docket No. 23) On June 7, 2022, Plaintiff Walberto Hernández Reyes (hereinafter, "Plaintiff") filed an extension of time until June 14, 2022, to respond to Defendants' *Motion to Dismiss.* (Docket No. 24) On that same date, the Court granted the extension requested. (Docket No. 25) However, Plaintiff failed to oppose Defendants' request for dismissal within the deadline ordered by the Court. It was not until August 27, 2022, nearly two months after the deadline, that Plaintiff responded with a *Statement of Non-Opposition* stating that Plaintiff "did not file an opposition to the Motion to Dismiss, because with the modifications made in the Amended Complaint (Docket 21), the arguments in Defendant's second Motion to Dismiss have no factual or legal basis." (Docket No. 26)

For the reasons set forth below, service upon Defendants is **QUASHED**, and the request for dismissal is **DENIED**.

## I.  Relevant Factual and Procedural Background

On December 23, 2021, Plaintiff filed a *Complaint* under the American with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter the "ADA") and the Rehabilitation Act of 1973 U.S.C. § 794 (hereinafter the "Rehabilitation Act"), before the Puerto Rico Court of First Instance Bayamón Superior Part, under the caption case: *Walberto Hernández Reyes v. Bio-Medical Applications of Puerto Rico, Inc., Fresenius Medical Care Pharmacy Services, Inc., John Does 1-100.* Civil No. BY2021CV05231 (Docket No. 1). On January 26, 2022, Defendants filed a notice of removal arguing that both the ADA and the Rehabilitation Act are recognized laws of the United States and confer original jurisdiction to the district courts. *See* Docket No. 1. On April 4, 2022, Plaintiff filed an *Amended Complaint.* (Docket No. 21).

According to Defendants, the process server delivered a "copy of the local court's summons and a copy of a document titled "Complaint for Order of Permanent Injunction" which was 32 pages in length." (Docket No. 23 at 5) However, "the exhibits served to Defendants correspond to case SJ2021CV08014 and an unrelated property…" Id. at 6. Thus, Plaintiff served Defendants with the incorrect exhibits of the Complaint. Defendants now move to dismiss the complaint, among other reasons, for improper service of process pursuant to Rules 12(b)(4) and 12 (b)(5) of the Federal Rules of Civil Procedure.

Plaintiff has not responded to Defendants allegations, nor has he provided the Court with a showing of good cause for his failure to properly serve Defendants. Rather, Plaintiff filed a motion titled *Statement of Non-Opposition* stating that Plaintiff "did not file an opposition to the Motion to Dismiss, because with the modifications made in the Amended Complaint (Docket 21), the arguments in Defendant's second Motion to Dismiss have no factual or legal basis." (Docket No. 26) In said motion, Plaintiff did not provide the Court an explanation for his failure to properly

serve Defendants. It must be noted that said motion was filed two months after this Court granted Plaintiff a motion for extension of time to file his, already untimely, response to Defendants motion to dismiss. *See,* Order at Docket No. 25.

I.  **Legal Standard**

   a.  *Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5)*

A party filing a motion under Fed.R.Civ.P. 12(b)(4) or Rule 12(b)(5) is essentially contesting the manner in which process of service was performed. Boateng v. Inter Am. Univ. of P.R., 188 F.R.D. 26, 27 (D.P.R. 1999) Pursuant to Fed. R. Civ. P. 12(b)(4), a party is allowed "to assert a defense of insufficient process or insufficient service of process. These defenses may be waived if not timely asserted." Brown v. Sedgwick Claims Management Services, Inc., 2016 WL 4273193, at *2 (D. P.R. 2016) (citing *Williams v. Jones*, 11 F.3d 247, 251 (1st Cir. 1993) ). Generally, a court lacks jurisdiction over a certain defendant if there has been insufficient service of process. *See* Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). Rule 12(b)(4) is crucial, as the Supreme Court has explained that, "[b]efore a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Id.* at 350, 119 S.Ct. 1322 (internal quotations omitted).

Further, a motion under 12(b)(4), and its partner rule, Fed. R. Civ. P. 12(b)(5), "differ from other motions brought before the court pursuant to Rule 12(b), in that they provide the district court a course of action—other than simply dismissing the case—when the defendant's defense or objection is sustained." *Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 1354 (3ed. 2017). The Court must clarify that:

> "[a]t the outset it is necessary to distinguish the motion under Rule 12(b)(4) from that under Rule 12(b)(5). An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore,

> a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."

5B Charles Alan Wright & Arthur R. Miller, Federal Pracice and Procedure § 1353 (3d ed.)

The party raising the insufficiency of service has, in turn, the absolute burden of specifically establishing to the Court how plaintiff failed to satisfy the requirements of the service provision utilized. See Photolab Corp. v. Simplex Specialty Co., 806 F.2d 807, 810 (8th Cir.1986). Fed.R.Civ.P. 12(b)(5), however, provides the Court an alternate course of action rather than simply dismissing the case when defendants' objection is raised. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 at 286. Under Rule 12(b)(5) district courts possess broad discretion to dismiss the action or retain the case and quash the service made on the defendant. Ramirez De Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 85 (D.P.R. 2006) Hence, instead, a great number of motions requesting dismissal filed under Rule 12(b)(5) are often treated as motions to quash service of process.

Understanding that Rule 12(b)(5) references dismissal when contesting the sufficiency of the service of process executed, the Court now turns to the rules governing service of process. Rule 4(c)(1) of the Federal Rules of Civil Procedure states that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by the Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed.R.Civ.P. 4(c)(1).  In its pertinent part, Rule 4(m) states that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m).

Additionally, and relevant to the facts herein, Fed.R.Civ.P. 10(c) dictates that "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Because "Rule 10(c) makes exhibits a part of the pleading for all purposes, a defendant must be

served with the complaint and copies of all exhibits to the complaint." Sanchez-Velazquez v. Municipality of Carolina, 2012 WL 6726475, at 3* (D.P.R. 2012) (citing 4A Wright & Miller, Federal Practice and Procedure, Civ. 3d § 1093)

## II.     Discussion

Pursuant to the applicable case law, Plaintiff has the burden to prove that service was adequate. As the record shows, Plaintiff failed to do so. The Court agrees that service of the complaint without the correct exhibits renders it ineffective. However, "dismissal of a claim for failure to properly serve defendant is inappropriate when there are reasonably conceivable means through which service may be obtained and jurisdiction acquired over the defendant."  Rivera Otero v. Amgen Mfg. Ltd., 317 F.R.D. 326 (D.P.R. 2016) Although service of process was insufficient and no good cause was found, when faced with a request for dismissal under Fed. R. Civ. P. 12(b)(5), the Court has broad discretion to dismiss the action or retain the case and quash service of process. *See,* Rivera Otero v. Amgen Mfg. Ltd., 317 F.R.D. 326, 329 (D.P.R. 2016) Because the initial defect in Plaintiff's service of process is easily curable, this Court hereby quashes service of process and orders Plaintiff to properly serve Defendants by **April 11, 2023**. Plaintiff's failure to properly serve Defendants will result in a dismissal of the instant case.

The Supreme Court of the United States has held that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 409, 98 L. Ed. 2d 415 (1987) (citations omitted). Defendants have also moved to dismiss the complaint pursuant to Rule 12(b)(6) and 12(b)(1). Given the insufficient service of process in this case, it would be premature to address Defendants' motion to dismiss under said rules. *See*, Awadh v. Tourneau, Inc., 2017 WL 1246326, at *4 (D. Mass. Feb. 17, 2017) (denying without prejudice defendant's

motion to dismiss under Rule 12(b)(6) since it would be premature to address the same given the insufficient service of process)

### III.     Conclusion

For the reasons stated above, service upon Defendants is **QUASHED**, and request for dismissal is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of March 2023.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge