IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **WALBERTO HERNANDEZ-REYES,** *Plaintiff,* v. **BIO-MEDICAL APPLICATIONS OF PUERTO RICO, INC., FRESENIUS MEDICAL CARE PHARMACY SERVICES, INC., JOHN DOES 1-100,** *Defendants.* | **CIVIL NO.** 22-1049-(DRD) |

## ORDER

On May 28, 2022, Defendants, Bio-Medical Applications of Puerto Rico, Inc. ("Bio-Medical") and Fresenius Medical Care Pharmacy Services, Inc ("Fresenius") (hereinafter, "Defendants") filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(4), 12(b)(5) and 12(b)(6). (Docket No. 23) According to Defendants, the process server delivered a "copy of the local court's summons and a copy of a document titled "Complaint for Order of Permanent Injunction" which was 32 pages in length." (Docket No. 23 at 5) However, "the exhibits served to Defendants correspond to case SJ2021CV08014 and an unrelated property…" Id. at 6. Thus, Plaintiff served Defendants with the incorrect exhibits of the Complaint. Defendants moved to dismiss the complaint, among other reasons, for improper service of process pursuant to Rules 12(b)(4) and 12 (b)(5) of the Federal Rules of Civil Procedure.

Taking into consideration that district courts have broad discretion to dismiss the action or retain the case and quash the service made on the defendant, the undersigned ordered the latter; quash Defendants service. In accordance with the Court's decision, the Court ordered Plaintiff to

"properly serve Defendants by April 11, 2023." (Docket No. 29 at 5). Plaintiff was warned that "failure to properly serve Defendants will result in a dismissal of the instant case." Id.

On April 14, 2023, three days after the established deadline, Defendants filed a motion to dismiss for failure to comply with court order (Docket No. 29) (Docket No. 31) In said motion, Defendants informed the Court that Plaintiff had failed to properly serve Defendants by April 11, 2023. In fact, as of April 13, 2023, Plaintiff had not served Defendants. Therefore, Defendants requested that the instant case be dismissed.

Plaintiff was on notice that service had to be effectuate again upon the Court quashing service. Plaintiff has not stated that good cause existed for Plaintiff's failure to serve in the face of Defendant's motion for dismissal, nor has Plaintiff responded to Defendant's motion at all. The Court finds that dismissal is appropriate given Plaintiff's lack of eagerness to prosecute the instant case. The instant case is dismissed under Rule 12(b)(5) for failure to comply with Rule 4(c)(1) which states that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by the Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed.R.Civ.P. 4(c)(1). Because "Rule 10(c) makes exhibits a part of the pleading for all purposes, a defendant must be served with the complaint and copies of all exhibits to the complaint." Sanchez-Velazquez v. Municipality of Carolina, 2012 WL 6726475, at 3* (D.P.R. 2012) (citing 4A Wright & Miller, Federal Practice and Procedure, Civ. 3d § 1093)

Rule 41(b) authorizes a district court to dismiss a case with prejudice for "failure of the plaintiff to prosecute or to comply with… any order of court…" Dismissal with prejudice is a harsh sanction and the First Circuit has held that it should be employed only when a plaintiff's misconduct has been extreme. Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990) The Court considers that this is exactly the type of situation that warrants a dismissal with prejudice. Plaintiff filed their complaint and failed to properly serve Defendants with the correct exhibits.

Plaintiff later filed an amended complaint and failed to serve Defendants with the same. Defendants filed a motion to dismiss for, among other reasons, Plaintiff's failure to properly serve the complaint and Plaintiff responded by filing a "statement of non-opposition" arguing that with the modifications made in the amended complaint at Docket No. 21, Defendants' motion to dismiss had no factual or legal basis. Plaintiff did not even mention a reason for his failure to properly serve Defendants. The Court treated Defendants' motion to dismiss as a motion to quash service. (Docket No. 29) and explicitly warned Plaintiff that failure to properly serve would result in a dismissal of the instant case. Yet Plaintiff failed to comply with said order. Plaintiff's absence of any reasonable explanation for such misbehavior and his disobedience of a court order containing an explicit warning are all factors counseling strongly in favor of dismissal. Especially when the First Circuit has held that "the law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." HMG Prop. Invs., Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 918 (1st Cir. 1988)

For the reasons stated above, Defendants' motion to dismiss is hereby **GRANTED** and the instant case is dismissed **WITH PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of May, 2023.

S/Daniel R. Domínguez
Daniel R. Domínguez
United States District Judge